**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Paul Berry

    v.                                            Civil No. 07-cv-178-PB

Larry Blaisdell, Warden, Northern
New Hampshire Correctional Facility

**REPORT AND RECOMMENDATION**

    Paul Berry's petition for a writ of habeas corpus (document no. 1) is before me for preliminary review. I previously recommended that two of the four claims raised in Berry's petition be dismissed as untimely (document no. 5). That recommendation was approved by the District Judge on August 11, 2007 (document no. 8). At the time I made my recommendation, I also ordered Berry to amend his petition to provide additional information about the two claims that I did not recommend be dismissed (document no. 6), to provide the requisite information to determine whether or not they were facially valid. See Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts ("§ 2254 Rules") (requiring initial review to determine whether the petition is facially valid); see also United States District Court for the District of New Hampshire Local Rule

("LR") 4.3(d)(2) (authorizing the Magistrate Judge to preliminarily review pro se pleadings). Berry has now complied with that Order. After reviewing Berry's amended pleadings, for the reasons fully explained herein, I recommend dismissal of one of the claims, and direct that the final remaining claim be answered by Respondent.

Also before the Court is Berry's motion to hold his petition in abeyance pending complete exhaustion of his claims (document no. 2). I previously withheld ruling on that motion pending receipt of Berry's response to my order to amend. Berry has now amended his petition and, in the interim, exhaustion of his claims has been completed. Accordingly, I deny the motion to hold the petition in abeyance as moot.

Standard of Review

In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that

if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See Ahmed, 118 F.3d at 890. This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

On July 3, 2000, Paul Berry was convicted, after a jury trial, of seventeen counts of aggravated felonious sexual assault and four counts of misdemeanor sexual assault committed on his stepdaughter. Although he was not tried on the charges until 2000, the assaults were all alleged to have occurred between 1983 and 1989. Berry was sentenced to 56-112 years in prison, which he is currently serving. Berry filed a timely appeal of his conviction to the New Hampshire Supreme Court ("NHSC"). The NHSC affirmed his conviction on July 23, 2002 in a written opinion,

State v. Berry, 148 N.H. 88 (2002). Berry did not seek certiorari in the United States Supreme Court.

On May 25, 2005, Berry filed a motion for a new trial in the Superior Court raising three claims for relief. One of Berry's claims was denied in an order issued September 26, 2005, and the remaining claims were denied on March 13, 2006, after an evidentiary hearing. The Superior Court denied Berry's motion to reconsider on April 19, 2006. Berry filed a timely appeal of his new trial motion in the NHSC. The NHSC declined the appeal on July 15, 2006.

Next, Berry filed a petition for a writ of habeas corpus in the state Superior Court on January 2, 2007. The Superior Court denied relief on the state habeas petition on May 21, 2007 and denied Berry's motion to reconsider on August 6, 2007. Berry filed a timely notice of appeal in the NHSC. That Court declined the appeal on September 27, 2007.

## The Claims

In his petition, Berry raises two claims that are presently before the Court for preliminary review, both alleging that his trial counsel provided ineffective assistance of counsel:

     1. Failure to Investigate Prior DCYF Investigations

Berry alleges that his trial attorney failed to investigate exculpatory evidence arising out of sexual assault accusations the complainant made against him to the New Hampshire Division of Children Youth and Families ("DCYF") in 1990 and 1994. Berry claims that the allegations contained in the 1999 accusations that ultimately resulted in the criminal charges against him differed significantly from the version of the same events contained in the previous DCYF investigations. While Berry still has not had access to the complete contents of the prior DCYF investigations, Berry states, as an example of an inconsistency in the complainant's story that would have been exculpatory, that in the previous investigations, the complainant alleged that her brother had been substantially involved in the sexual assaults against her, but the allegations at trial did not include information about her brother. Berry asserts that his attorney's failure to investigate the prior allegations by the complainant and the DCYF investigations denied him his Sixth Amendment right to the effective assistance of counsel.

Prior to trial, Berry's attorney was provided with a summary sheet of the 1994 DCYF investigation. Counsel, therefore, was

aware of the existence of the prior accusations and investigations, and of the significant changes that were made in the complainant's account of what had occurred to her between the 1994 report and the version of events that the complainant recounted at trial. Berry states that although his attorney had the information at the time of trial, that he was not aware that DCYF had investigated him in 1990 and 1994, and was not aware of the existence of any reports, conclusions reached, action taken, or other information generated as a result of those investigations. Berry states that his attorney failed to provide him with any information regarding the 1990 and 1994 allegations, and when Berry repeatedly asked whether or not the attorney had uncovered any useful information through discovery or independent investigation, his attorney consistently stated that he had not.[1]

After his conviction was affirmed by the NHSC, Berry was sued in a civil action by the complainant in his criminal case. As part of discovery in the civil action, Berry received a summary report concerning the 1994 investigation, which also referenced the 1990 investigation. Believing that this

[1]The Court is aware that DCYF records of sexual assault investigations are not, as a general rule, available to members of the public on demand, but must ordinarily be obtained with a court order.

information had never been provided to his attorney at the time of trial, Berry filed a motion seeking a new criminal trial, claiming a Brady violation and alleging that the State failed to provide him or his counsel with the exculpatory evidence contained in the 1990 and 1994 investigations. A hearing was held in the Superior Court on the motion for a new trial on January 30, 2006. At that hearing, Berry's defense counsel testified that at the time of trial he was, in fact, aware of the 1990 and 1994 investigations and of the material differences between the substance of the accusations made then and the accusations upon which Berry was ultimately tried. Until that testimony, Berry was unaware that his attorney had the information.

This issue was raised in Berry's January 2007 Superior Court habeas petition, and was supported by both federal and state law arguments. Berry presented both his federal and state claims to the NHSC in his appeal of the denial of that habeas petition.

2. Failure to Introduce Diary Evidence at Trial

In the fall of 2003, when Berry received discovery in the civil case, he received copies of diaries written by the complainant in his criminal case. Berry alleges that certain

entries in those diaries contained exculpatory information.  In particular, Berry points to an entry in which the complainant described losing her "condomless virginity" which, Berry states, contradicts her testimony that Berry had previously had sexual intercourse with her.  At the time of his criminal trial, the diaries in question were sealed and kept in the possession of the trial court.  Berry's attorney was permitted to review the diaries prior to trial but he was prohibited from sharing the contents of the diaries with Berry.  When Berry asked about the diaries, his attorney said only that they contained no information which could be utilized at trial.

Berry claims that his attorney deprived him of his Sixth Amendment right to the effective assistance of counsel by failing to introduce the exculpatory statements contained in the diaries at his criminal trial.  Berry claims that he became aware that his attorney failed to introduce exculpatory evidence only after receiving the diaries in civil discovery in the fall of 2003.  It does not appear, however, that Berry's complaints regarding the diary entry were litigated either in Berry's May 2005 motion for a new trial or his January 2007 state habeas petition.

Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244, sets a one-year limitations period for federal habeas petitions by state prisoners. See 28 U.S.C. § 2244(d)(1). AEDPA's one-year limit runs from the time that the state court judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). In this case, direct review concluded on July 23, 2002 with the NHSC decision. Petitioner had, at that point, an additional ninety days in which he was entitled to seek a writ of certiorari in the United States Supreme Court. As no such petition was filed, the one-year limit set by AEDPA for filing this petition began to run on October 21, 2002, ninety days after the NHSC decided his case, and expired one year later, on October 21, 2003. While the limitations period is stopped from running during the pendency of properly filed post-conviction state court litigation, it is generally not reset or restarted by post-conviction litigation initiated after the AEDPA limitations period has expired. See Trapp v. Spencer, 479 F.3d 53, 59 (1st Cir. 2007) (citing Cordle v. Guarino, 428 F.3d 46, 48 n.4 (1st Cir. 2005)).

First, the statute of limitations is not absolute. Statutory exceptions to the one-year limitations period exist where an untimely filing was caused by the state, new constitutional rights created by the Supreme Court, or newly discovered facts underpinning the claim.  See David v. Hall, 318 F.3d 343, 344 (1st Cir. 2003); 28 U.S.C. § 2244(d)(1)(B)-(D). The AEDPA further excludes from the one-year limitations period "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . .."  28 U.S.C. § 2244(d)(2).

Second, where the factual predicate of a claim is not discovered until a later date, despite the exercise of due diligence by the petitioner to obtain the information, the limitations period is deemed equitably tolled and begins to run from the date of discovery.  See 28 U.S.C. § 2244(d)(1)(D). Lawrence v. Florida, ___ U.S. ___, 127 S.Ct. 1079, 1085 (2007) (following Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) and stating that equitable tolling may be available where extraordinary circumstances and a prisoner's diligence conflate); Trapp, 479 F.3d at 59; Cordle, 428 F.3d at 48 (citing Delaney v.

Matesanz, 264 F.3d 7, 14 (1st Cir. 2001)). Equitable tolling is reserved for cases in which circumstances beyond the petitioner's control prevented prompt filing of the petition. Cordle, 428 F.3d at 48 (citing Lattimore v. Dubois, 311 F.3d 46, 55 (1st Cir. 2002)). With these standards in mind, I address Berry's remaining claims for habeas relief.

1. The Diary Claim

Even assuming that, through the exercise of due diligence, he could not have known of the contents of the exculpatory diary entries prior to receiving them in civil discovery, Berry acknowledges that he had the complainant's diaries in his possession in September of 2003, and that he had seen them and become aware of the exculpatory nature of certain entries therein by early October of 2003. Since he in fact had the documents providing the factual underpinnings for his current claim, Berry could have filed a post-conviction motion for a new trial, or a state habeas petition, prior to the October 21, 2003, expiration of his AEDPA statute of limitations period. Such a filing would have allowed Berry time to exhaust his state court remedies for this claim and file a habeas petition within the statutory limitations period. See 28 U.S.C. 2244(d)(1). Further, under §

2244(d)(1)(D), even if the limitation period did not begin to run until he discovered the information in October of 2003, the one year time limit would have expired in October 2004, seven months prior to his next state court post-conviction pleading was filed. Berry waited until the June 2007 filing of his federal habeas petition to raise the claim. The claim, therefore, is untimely. Berry has provided no basis to justify equitable tolling of this claim, to render it timely filed. Accordingly, I recommend that this claim be dismissed.

2. The Ineffective Assistance of Counsel/DCYF Report Claim

Berry has alleged that despite his diligent efforts before, during and after trial to determine what information his attorney possessed, his trial counsel did not tell him about the 1990 and 1994 DCYF investigations or the reports generated as a result of those investigations. Berry claims that he received these reports in 2003, and believed that they constituted exculpatory evidence that the state withheld from him prior to and during his trial, because his attorney never mentioned them. On January 30, 2006, however, Berry learned, for the first time, that his trial counsel in fact had the information before his criminal trial and

yet failed to use it either to investigate the allegations or to impeach the complainant at trial.

At this stage of the litigation, it would be inappropriate for me to make a definitive finding regarding whether or not Berry exercised sufficient diligence, or had any access to the information regarding his counsel's failure to utilize it, prior to January 30, 2006.[2] Berry has sufficiently asserted facts supporting his diligent pursuit of information regarding what his attorney knew or had access to at the time of trial. I find that Berry has clearly alleged that, despite his efforts to ascertain this information, he was unable to obtain the information until January 30, 2006, during the pendency of his new trial motion. Ordinarily, an attorney's excusable neglect is not grounds for tolling the limitations period. See Trapp, 479 F.3d at 60; Cordle, 428 F.3d at 48-49. Here, however, Berry has alleged that his attorney lied to him on several occasions and withheld information from him that was impossible for him to discover in

[2]I note that the Superior Court found that Berry "would have been aware that such investigative reports existed and that they did not result in charges being brought against him." Berry denies this, claiming that he was entirely unaware of the investigation or reports generated therefrom until October of 2003. This factual discrepancy does not affect my analysis, however, because at the preliminary review stage I am required to credit Berry's assertions as true.

any other way. Accordingly, I find that Berry has alleged more than simple excusable neglect by his attorney.

Berry may well be entitled to equitable tolling of the commencement of the limitations period for his claim that his attorney was ineffective for failing to investigate the 1990 and 1994 DCYF investigation or to introduce exculpatory evidence at trial regarding those investigations. If the date the limitations period began to run is tolled until Berry could have discovered the information, January 30, 2006, and the period of time after that during which Berry was litigating properly filed post-conviction claims in the state courts is excluded from the limitations period,[3] I find, for purposes of preliminary review, that this claim has been timely filed to allow it to proceed. See 28 U.S.C. § 2244(d)(1)(D) (allowing AEDPA limitations period

[3]At the time of the January 30, 2006 hearing, a state court new trial motion was pending. That motion was denied on March 13, 2006. Berry filed a timely appeal regarding the motion to reconsider, which was denied by the NHSC on July 5, 2006. One hundred and eighty-seven days later, on January 8, 2007, Berry filed his state habeas petition, raising the ineffective assistance of counsel claim. The appeal of the denial of that habeas petition was declined by the NHSC on September 25, 2007, at which point Berry's federal habeas petition had already been filed in this Court. Accordingly, I find that if the start of the one year limitations period was equitably tolled until January 30, 2006, that Berry let pass only 187 days of the available 365 days prior to filing this habeas petition.

to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"). I further find that this claim has been fully exhausted by Berry's state court habeas petition and appeal of the denial of that petition. Accordingly, I will direct, in an Order issued simultaneously with this Report and Recommendation, that this claim be answered by Respondent.

Conclusion

For the reasons stated herein, I recommend that the diary claim be dismissed as untimely. In my Order issued simultaneously with this Report and Recommendation, I direct that the ineffective assistance of counsel claim alleging the failure to utilize the prior DCYF investigation to investigate or impeach the accusations against Berry be answered by the Respondent. Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See Unauthorized Practice of Law

Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

James R. Muirhead
United States Magistrate Judge

Date: November 29, 2007

cc: Paul Berry, pro se