UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Paul Berry


   v.                                            Civil No. 07-cv-178-PB

Larry Blaisdell, Warden, Northern
New Hampshire Correctional Facility


**O R D E R**

    Paul Berry's petition for a writ of habeas corpus (document no. 1) is before me for preliminary review. I previously recommended that two of the four claims raised in Berry's petition be dismissed as untimely (document no. 5). That recommendation was approved by the District Judge on August 11, 2007 (document no. 8). At the time I made my recommendation, I also ordered Berry to amend his petition to provide additional information about the two claims that I did not recommend be dismissed (document no. 6), to provide the requisite information to determine whether or not they were facially valid. See Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts ("§ 2254 Rules") (requiring initial review to determine whether the petition is facially valid); see also United States District Court for the District of New Hampshire Local Rule

("LR") 4.3(d)(2) (authorizing the Magistrate Judge to preliminarily review pro se pleadings). Berry has now complied with that Order. After reviewing Berry's amended pleadings, for the reasons fully explained in a Report and Recommendation issued simultaneously with this Order, I direct that Berry's claim alleging that his counsel was ineffective for failing to use his knowledge of the 1990 and 1994 Division of Children, Youth and Families investigations to either investigate or impeach the criminal accusations against Berry.[1]

The petition shall be served upon the New Hampshire State Prison, which shall file an answer or other pleading in response to the allegations made therein. See § 2254 Rule 4 (requiring reviewing judge to order a response to the petition). The Clerk's office is directed to serve the New Hampshire Office of the Attorney General, as provided in the Agreement on Acceptance of Service copies of this Order, my original Report and Recommendation (document no. 5) and Order to amend (document no. 6), and Berry's original petition, motion to hold the petition in abeyance, and amendments to his original petition (document nos.

---

[1] In my Report and Recommendation, I recommend that the fourth claim, alleging ineffective assistance of counsel for failing to use potentially exculpatory evidence in the complainant's diaries at trial, be dismissed as untimely.

1, 2, 9 & 10). Respondent shall answer or otherwise plead otherwise plead within thirty (30) days of the date of this Order. The answer shall comply with the requirements of § 2254 Rule 5 (setting forth contents of the answer).

Upon receipt of the response, the Court will determine whether a hearing is warranted. See § 2254 Rule 8 (providing circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the petition, shall be served on all parties. Such service is to be made by mailing the material to the parties' attorney(s).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:     November 29, 2007

cc:       Paul Berry, pro se